

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 7, 1947

Hon. Robert Gooding
County Attorney
Red River County
Clarksville, Texas

Opinion No. V-38

Re: Whether or not it is
legal for the Commis-
sioners' Court of Red
River County to appoint
a stenographer clerk for
the County Attorney who
is not a licensed lawyer

Dear Sir:

We are in receipt of your letter dated January 9, 1947, in which you requested an opinion of this Department on the above captioned matter. We quote the first paragraph of your letter which is as follows:

"As County Attorney of Red River County, Texas, having a population of 29,769 by the Federal Census of 1940 thus throwing the County into brackets of 25,001 and to 37,500, I desire to know whether or not the appointment and confirmation by the Commissioners' Court of a stenographer clerk for the County Attorney, who is not a licensed lawyer, is legal."

We find no statutory or constitutional provision for the Commissioners' Court of any county of this State to appoint a stenographer clerk. Therefore, it is the opinion of this Department that there can be no such appointment.

We fail to find any provision in the Constitution or the statutes for the appointment of a stenographer for the County Attorney save and except that set out in Article 331a, Revised Statutes, which is as follows:

"Sec. 1. That in any county having a population of more than 100,000 and less than 150,000, and containing a city of more than 75,000 population, according to the United States Census for the year 1920, the County Attorney is hereby authorized to ap-

point two Assistant County Attorneys,
each having the qualifications required
of County Attorneys, one of whom shall
receive a salary of $3000.00 per annum,
and one of whom shall receive a salary
of $2400.00 per annum. The said County
Attorney is also hereby authorized to
appoint one stenographer at a salary not
to exceed $1800.00 per annum. The salaries
of the Assistants and stenographer above
provided for shall be paid monthly by the
county in which such appointments are made.

" *** "

Red River County does not come within that
particular population bracket as above set out. There-
fore, it is the opinion of this Department that there
can be no appointment of a stenographer for the County
Attorney of said County.

Article 3902 reads in part as follows:

"Whenever any district, county or pre-
cinct officer shall require the services of
deputies, assistants or clerks in the per-
formance of his duties he shall apply to the
County Commissioners' Court of his county for
authority to appoint such deputies, assistants
or clerks, stating by sworn application the
number needed, the position to be filled and
the amount to be paid. Said application shall
be accompanied by a statement showing the pro-
bable receipts from fees, commissions and com-
pensation to be collected by said office during
the fiscal year and the probable disbursements
which shall include all salaries and expenses
of said office; and said court shall make its
order authorizing the appointment of such depu-
ties, assistants and clerks and fix the compensa-
tion to be paid them within the limitations here-
in prescribed and determine the number to be ap-
pointed as in the discretion of said court may
be proper; provided that in no case shall the
Commissioners' Court or any member thereof at-
tempt to influence the appointment of any person
as deputy, assistant or clerk in any office. Up-
on the entry of such order the officers applying
for such assistants, deputies or clerks shall be

authorized to appoint them; provided that
said compensation shall not exceed the
maximum amount hereinafter set out. * * *"

In our opinion No. O-1874, this Department
held that the County Attorney of Liberty County, Texas,
upon compliance with the provisions as set out in Arti-
cle 3902, a clerk might be appointed for such County
Attorney and that it was within the discretion of the
Commissioners' Court to determine whether or not the
duties to be performed by the person employed constitute
the duty of a clerk. The statutes do not prescribe the
qualifications of a clerk for county officers. A per-
son having the qualifications of a stenographer is not
for that reason disqualified from holding the position
of clerk in the office of the County Attorney or any
other county office. Therefore, there is no legal ob-
jection to the County Attorney appointing such a person
to the position of clerk in his office.

We know of no statutory or constitutional pro-
vision for the clerk of a county attorney to be a li-
censed lawyer. The duties imposed upon the clerk are
wholly different from those imposed upon an Assistant
County Attorney. Therefore, it is the opinion of this
Department that a clerk of a county attorney is not re-
quired to be a licensed lawyer under the laws of this
State.

Sections 2 and 9 of Article 3902, V.A.C.S.,
are applicable to Red River County and govern the amount
of compensation which may be paid to said clerk of the
County Attorney.

### SUMMARY

There is no statutory or constitutional
provision specifically authorizing any county
officer to appoint a "stenographer clerk."
Likewise, there is no authority for the County
Attorney of Red River County to appoint a steno-
grapher as such. He has the authority to appoint,
with the consent of the Commissioners' Court of
his county, a clerk who may have the qualifications

of a stenographer. (Art. 3902, V.A.C.S.;Opinion No. O-1874). Such a clerk is not required to be a licensed lawyer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*
Bruce Allen
Assistant

APPROVED FEB. 7, 1947

*Price Daniel*
ATTORNEY GENERAL

BA:djm:lh

Approved Opinion Committee
By BWB, Chairman